## SUPREME COURT.

Roswell S. Benedict and another agt. Henry Tanner, impleaded, &c.

*An answer can be stricken out as sham only when it contains new matter, known to the defendant to be false.*

*New-York Special Term, February*, 1855.

This was a motion to strike out an answer, as sham. The facts sufficiently appear in the opinion of the court.

J. F. Bowman, *for motion.*

I. T. Williams, *opposed.*

Mitchell, Justice. The plaintiffs sue as holders of a note, made to the order of Tanner, and by him endorsed to Williams,

another defendant. Tanner sets up, in his answer, that the note was transferred by Williams to the plaintiffs after its maturity; and that Williams was largely indebted to him, and claims to set off the amount of the indebtedness. Neither the complaint nor the answer are sworn to. The plaintiffs move to strike out the answer as sham; and they make affidavits alleging that the note was transferred to them three months before its maturity. They do not deny the indebtedness of Williams to Tanner at the time of the transfer. They then admit a substantial part of the defence; and they do not allege that they paid any consideration for the transfer of the note, nor that they received it without notice, so that if, on the trial, the defendant should prove his set-off, and it should appear that either of the matters omitted to be set up by the plaintiffs were in fact against him, the court might permit the defendant to amend, and he would recover.

For another reason, also, the motion must be denied. An answer is sham only when it sets up new matter, *known to the defendant* to be false; not when, as in this case, he sets up a fact not strictly within his own knowledge, but what he may be able to prove by witnesses, who might state the reverse of the plaintiff.

If the defence is for delay only, an order may readily be obtained to place the case on the Friday calendar, and there will be no delay.

Motion is denied, with $5 costs.